## W. B. PARKERSON v. THE STATE.

1. CONTINUANCE. — Defendant applied for a second continuance on account of the absence of a witness who resided in another county, and who had been in attendance at a previous term, when the defence had him cited by subpœna, but not put under recognizance. *Held*, that this was not due diligence. .

2. SAME. — Process for a witness residing in an unorganized county should show on its face the unorganized county in which the witness resides, in order that the sheriff to whom the process is directed may be enabled to seek the witness in the proper locality.   •

3. SAME. — The testimony of two witnesses introduced by the defendant was to the identical effect of that expected by him from an absent witness, on whose account he had asked, but was refused, a second continuance. *Held*, a sufficient confutation, on appeal, of the pretence that the absent witness was material for the defence.

4. PRACTICE. — When the defendant presented his application for a continuance, the State's counsel called attention to the fact that a continuance had been granted to the defendant at a previous term. Defendant's counsel was then allowed to argue the application, the State's counsel to reply, and the defendant's to conclude. No exception was taken at the

time, and no prejudice to the defendant is shown. *Held*, that this practice was within the discretionary control of the court below, notwithstanding the State had filed no denial of the diligence alleged.

5. SAME. — At a late hour in the night the court charged the jury, and then told them he would wait twenty minutes for their verdict before adjourning for the night. *Held*, a common and frequently a convenient practice, and not error unless shown to have prejudiced the defendant's rights.

APPEAL from the District Court of Medina. Tried below before the Hon. T. M. PASCHAL.

The conviction was for theft of a gelding, and a term of five years in the penitentiary the punishment assessed.

The appellant's brother and one Booth, testifying in his behalf, stated that they and one Lane were present when the horse was traded to the appellant by a negro. Lane was the witness on account of whose absence the continuance was asked, in an application which alleged that he would testify to the same effect.

No brief for the appellant.

*Thomas Ball*, Assistant Attorney-General, for the State.

CLARK, J. The application of appellant for a second continuance of his cause was properly refused. The absent witness Lane was evidently present at the former term of the court, when the cause was continued, upon application of the defendant, because of the absence of Booth and Parkerson; and instead of then requiring the witness Lane to be recognized, as was his duty, the appellant contented himself with procuring the issuance of a subpœna for Lane and having it served upon him by the sheriff of Medina County, notwithstanding the witness resided in Edwards County, which, for judicial and other purposes, was attached to Kerr County. This was not diligence. *Chaplin* v. *The State*, 7 Texas Ct. App. 87.

The attachments issued at the instance of appellant on

the seventh day of October, 1879, and on February 12, 1880, for the absent witness, in so far as their nature and character are disclosed by the record, were not sufficient in themselves as disclosing the residence of the witness. If a witness resides in an unorganized county, an attachment directed to the sheriff of the county to which such unorganized county is attached for judicial purposes must notify the officer upon its face as to the county in which the witness resides, in order that search may be made for him in the proper locality.

But, even had legal diligence been shown, the action of the court in overruling the application would not be disturbed by us, because it is apparent to us that the absent testimony was not of a material character, in view of the fact that its exact counterpart was furnished by the witnesses Booth and Parkerson, who were present at this trial, and because, in our judgment, the statements made in the application were not probably true. Code Cr. Proc., art. 560, sect. 6.

Nor is error perceived in the action of the court in permitting argument upon the application at the time it was presented. From the bill of exceptions it appears that the district attorney, with leave, called the attention of the court to appellant's first application for continuance, made and granted at the preceding term, which was then read without comment. Counsel for appellant then argued at length their right to a continuance ; the district attorney then followed in an argument in opposition to the motion, and counsel for appellant then concluded. No exception to the proceedings was taken at the time, and it is not shown to us in what manner the prisoner was prejudiced thereby. It was within the discretion of the court to hear argument upon the application, whether a written denial was filed by the State or not, because, with or without such denial, the application is addressed to the sound discretion of the court called to pass upon the same, and the court is authorized to enlighten

itself as to the law and the facts in any proper and legitimate mode. *Howard* v. *The State*, 8 Texas Ct. App. 53.

As counsel for appellant did not consume the time allotted them for final argument of the cause before the jury, they can hardly complain at the limitation; and the notification to the jury by the court, upon its retirement, as to the length of time he could await their verdict before adjournment for the night, is a practice common throughout the State, and often convenient in regulating the procedure of courts. From the record, we are not able to detect what effect the announcement complained of may have had upon the jury, or how long their deliberations were protracted. The judgment is entered as of the day the case was called for trial, but this frequently occurs when the trial has been protracted through several days. We cannot say that such an announcement is always necessarily harmless, but before our revisory authority can be successfully invoked, it must be made to appear to us, in some affirmative manner, that the rights of the prisoner were seriously prejudiced by such action; and this has not been done in the present case.

There is no error in the record, and the judgment is affirmed.

*Affirmed.*